UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH BRIM,<br><br>        Plaintiff,<br><br>  v.<br><br>J. L. NORWOOD, RICARDO E. CHAVEZ,<br><br>        Defendants. | Case No. [CV 07-04473 DDP]<br>        SA CR 93-00098 LHM ✓<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. § 2255**<br><br>[Petition filed on July 11, 2007] |

This matter is before the Court on Petitioner Brian Keith Brim's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court has previously indicated that the petition is properly construed as a motion to vacate petitioner's conviction pursuant to 28 U.S.C. § 2255.[1] After reviewing the papers submitted by the parties, the Court finds that Petitioner's § 2255 motion is untimely and is a successive petition.

---

[1] Although Petitioner disagrees with the Court's construal of his motion as being made pursuant to 28 U.S.C. § 2255 and requests withdrawal of the petition, Petitioner cannot re-file these claims pursuant to 28 U.S.C. § 2241, and the Court is permitted to rule insofar as the petition is construed as a § 2255 motion. (See Mins. Order, October 26, 2007)

**I.  Background**

The relevant background is contained in the October 21, 2003 Report and Recommendation of the Magistrate Judge, which this Court adopted. (See Gov't's Opp'n Ex. A and B.)  On January 28, 1996, Petitioner was indicted on four federal charges related to a PCP conspiracy.  He was convicted of Counts 1, 3, and 4, and acquitted of Count 2.  He was sentenced to life imprisonment on Counts 1 and 4, and twenty years on Count 3.  On appeal, the Ninth Circuit affirmed Count 1's conviction and life sentence, and ultimately found Count 3 and 4's sentences to be cumulative.  Nevertheless, Petitioner remained subject to life imprisonment.  On November 9, 1998, Petitioner filed a 28 U.S.C. 28 U.S.C. § 2255 motion.  The Court denied the motion on December 1, 2003.  On July 11, 2007, Petitioner filed the instant petition.

**II.  Discussion**

    **A.  Legal Standard**

When reviewing a habeas petition that challenges the legality of detention, "the court must first determine whether the petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  Id.  "Merely labeling a § 2255 motion as a § 2241 petition does not overcome the bar against successive § 2255 motions."  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

2

**B.   <u>Analysis</u>**

Petitioner's contentions are as follows:  First, that the district court erred in sentencing him on three counts rather than one; second, that it erroneously assessed him a fine of $150 rather than $50; and third, that the alleged errors in his central file prevent him from filing a request for commutation of his sentence with the President of the United States.  Although Petitioner brings these allegations in the form of a § 2241 petition, the mere fact that he has labeled it as such is not persuasive, as he has alleged no facts that address the manner, location or conditions of his sentence's execution.  Indeed, Petitioner's claims all stem from the alleged impropriety of the district court's original sentence, not from the manner in which it is being carried out. Because the substance of Petitioner's challenges address only the legality of his sentence, the Court properly construes the petition as a § 2255 motion.[2]

A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals..."  28 U.S.C. § 2255.  Thus, before filing a second or successive § 2255 motion with the district court, the applicant must first obtain the authorization of the court of appeals.  <u>Id.</u>  Because this is Petitioner's second request for relief under § 2255, and he has not obtained the authorization of the court of appeals, it fails as a successive petition.  Additionally, the Anti-Terrorism and Death Penalty Act requires federal inmates to file § 2255 petitions

---

[2] If construed as seeking relief under § 2241, this court would lack jurisdiction to hear it, as § 2241 petitions contesting the legality of a sentence must be brought in the custodial court. In this case, the district court of Arizona.

3

1  within one year from the date on which the judgment becomes final.
2  The judgment on Petitioner's direct appeal was entered in 1997,
3  while the petition in question was lodged in 2007, nearly 10 years
4  after the deadline for filing.  Thus, Petitioner's § 2255 petition
5  is also untimely.

### III. Conclusion

For the foregoing reasons, the Court hereby denies Petitioner's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

Dated: February 5, 2008

_____
DEAN D. PREGERSON
United States District Judge