O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | ) | No. CR 8:93-00098-DDP |
|---|---|---|
| Plaintiff | ) | **ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| v. | ) | [Dkt. 559,560] |
| Brian Keith Brim, | ) | |
| Defendant | ) | |

Presently before the court is Defendant Brian Keith Brim's Motion for Compassionate Release (Dkt 560). The court has reviewed the submissions of the parties and heard oral argument.[1] Defendant has exhausted all administrative remedies, and the court has considered the factors set forth in 18 U.S.C. § 3553(a) and all other relevant considerations. As stated on the record, and for the reasons explained therein, the court finds that extraordinary and compelling reasons warrant a reduction in Defendant's sentence. See 18 U.S.C. § 3582(c)(1). Accordingly, Defendant's motion is GRANTED. Defendant's previously imposed sentence of life is

---

[1] Defendant's Motion for Leave to File Excess Pages (Dkt. 59) is GRANTED.

reduced to time served.  The court notes that Defendant has served in excess of 300 months in custody.

Upon release from imprisonment, Defendant shall be placed on supervised release for a term of ten years.  This term consists of ten years on each of Counts 1 and 4, and three years on Count 3 of the indictment, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office

for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5.  The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

6.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

7.  During the period of community supervision, the defendant shall pay the special assessment in accordance with orders pertaining to such payment.

8.  The defendant shall cooperate in the collection of a DNA sample from the defendant.

9. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the

people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

10. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

The Court authorizes the Probation & Pretrial Services Office to, if necessary, disclose the Presentence Report to a substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited, absent the court's prior approval.

The Court authorizes the Probation Officer to, if necessary, disclose the Presentence Report and any previous mental health evaluations or reports to a treatment provider. The treatment provider may provide information (excluding the Presentence report) to State or local social service agencies (such as the State of California, Department of Social Service) for the purpose of the client's rehabilitation.

4

There being a verified residence and an appropriate release plan in place, Defendant shall be released forthwith, as soon as practicable. There shall be no delay in ensuring travel arrangements are made. If safe release and travel arrangements cannot be made by March 12, 2021, the parties shall immediately notify the court and show cause why any further delay is necessary.

IT IS SO ORDERED.

Dated: February 26, 2021

DEAN D. PREGERSON
United States District Judge