O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  8:93-cr-00098-DDP - 1 |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **EARLY TERMINATION OF** |
| v. | ) | **SUPERVISED RELEASE** |
| | ) | |
| BRIAN BRIM, | ) | [Dkts. 585, 587] |
| | ) | |
| Defendant. | ) | |
| | ) | |

Presently before the Court is Defendant Brian Brim's ("Brim" or "Defendant") Motion for Early Termination of Supervised Release. Dkts. 585, 587.  Having considered the parties' submissions and heard oral argument, the Court adopts the following order.

**I. BACKGROUND**

On September 9, 1996, Brian Brim was convicted of conspiracy to manufacture phencyclidine ("PCP"), possession of PCP with the intent to manufacture, and attempt to manufacture PCP, in violation of 21 U.S.C. 841(a)(1) and 846.  Dkt. 223.  Brim was sentenced to a term of life imprisonment followed by a mandatory term of 10 years of

supervised release.  Dkt. 246.  On February 26, 2021, the Court reduced Brim's sentence
to time served and ordered Brim released forthwith.  Dkt. 581.  The Court noted that
Brim had served in excess of 300 months, or 25 years, in custody.  *Id.* at 2:1–2.  On March
4, 2021, Brim was released from the Bureau of Prisons's custody and began his
supervised release.  Dkt. 589.  Brim filed a pro se Motion to Terminate Supervised
Release Early ("*Mot.*").  Dkts. 585, 587.  Counsel of record, the Federal Public Defender
("FPD"), filed a supplement brief supporting the motion.  Dkt. 588, FPD's Supplemental
Brief ("*FPD Supp.*").  The United States Probation and Pretrial Services Office
("Probation" or "PO") filed its Response to Ealy Termination Request supporting Brim's
request for early termination.  Dkt. 589 ("*PO Resp.*").  The Government opposed.  Dkt.
590, Opposition to Motion for Early Termination of Probation ("*Opp.*").  To date, Brim
has served over three years and seven months, or slightly over one-third, of his
supervised release term.

**II. LEGAL STANDARD**

Under 18 U.S.C. § 3583(e), after considering the factors set forth in Section 3553(a),
the court may "terminate a term of supervised release and discharge the defendant
released at any time after the expiration of one year of supervised release . . . if it is
satisfied that such action is warranted by the conduct of the defendant released and the
interest of justice."  18 U.S.C. § 3583(e). Courts have "broad discretion in determining
whether to grant a motion to terminate supervised release."  *United States v. Emmett*, 749
F.3d 817, 819 (9th Cir. 2014).

**III. DISCUSSION**

The Government opposes Defendant's motion primarily on two grounds.  First,
the Government contends that the Court does not have authority to terminate supervised
release prior to the Defendant serving the mandatory minimum term prescribed by 21
U.S.C. § 841(b).  *See Opp.* at 11–15.  Second, the Government contends that even if the
Court does have the authority to terminate Defendant's supervised release early, early

termination is not warranted by Defendant's conduct, nor would it be in the interest of justice.  *See Opp.* 15–22.  The Court disagrees.

Section 841(b)(1)(A), under which Defendant was sentenced, provides, in pertinent part: "Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment."  21 U.S.C. § 841(b)(1)(A).  The Government contends that the "notwithstanding section 3583" language in § 841 removes the Court's authority to grant early termination of Defendant's mandatory 10-year term of supervised release.  *See Opp.* at 11:9–18.

Though the Ninth Circuit has not directly addressed the issue, the Ninth Circuit has made apparent that section 841's mandatory minimum terms of supervised release do not alter a court's authority to terminate supervised release early under section 3583(e).  *See Allen v. Ives*, 950 F.3d 1184, 1187 (9th Cir. 2020).  In *Allen*, the Ninth Circuit addressed whether a defendant's habeas corpus petition was moot given that the district court in Connecticut reduced the defendant's sentence to time served under the First Step Act and his term of supervised release to the 4 year minimum term required by 21 U.S.C. § 841(b)(1)(B), which contains a nearly identical provision prescribing mandatory terms of supervised release "[n]otwithstanding section 3583 of Title 18" as section 841(b)(1)(A). *Id.*  The Government in *Allen* argued that because § 841 required a minimum term of supervised release, the court did not have the authority to reduce the supervised release term to less than the § 841 minimum and the petition was therefore moot.  *See generally* Letter Brief for Appellee, *Allen*, 950 F.3d 1184 (9th Cir. 2020) (No. 18-35001).

The Ninth Circuit determined that the defendant's petition was not moot because if granted, "there is a nontrivial possibility that the district court in Connecticut will reduce his term of supervised release under § 3583(e)."  *Allen*, 950 F.3d at 1187.  The

3

Court cited to *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005), quoting in a parenthetical, "The 'possibility' that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2) was enough to prevent the petition from being moot." *Id.* Essential to the Ninth Circuit's decision is that Section 841's mandatory supervised release sentences do not remove the courts' discretion to reduce terms of supervised release under Section 3583(e).[1]

The Ninth Circuit's decision in *Allen* is consistent with the Sixth and Seventh Circuits' holdings that district courts retain the discretion to terminate mandatory minimum terms of supervised release early. *See United States v. Spinelle*, 41 F.3d 1056, 1059–60 (6th Cir. 1994); *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018). In *Spinelle*, the Sixth Circuit held that Section 841(b)'s mandatory terms did not alter the courts' discretion to terminate supervised release early under 3583(e) because "the sentencing phase is different than post-sentence modification," and when imposition of a sentence and termination of a sentence are "[s]een as two separate chronological phases," the statutes are not inconsistent. *Spinelle*, 41 F.3d at 1060–61. "Once the sentencing judge has imposed the sentence required by § 841 . . . he has fulfilled the mandate of that statute." *United States v. Scott*, 362 F. Supp. 2d 982, 984 (N.D. Ill 2005).

_____

[1] The Government attempts to distinguish *Allen* by pointing out that the defendant in that case was originally sentenced in 1997, prior to the addition of the "notwithstanding section 3583" language in section 841, and, therefore, the Ninth Circuit did not consider this language. *See Opp.* at 14:12–20. However, Mr. Brim was originally sentenced in 1996. Dkt. 246. More importantly, in *Allen*, the district court in Connecticut reduced the defendant's sentence from seven years to four years in April 2019 and the Government explained in its brief that four years was "the minimum term of supervised release required by the statute of conviction in effect today." Letter Brief for Appellee at 4, *Allen*, 950 F.3d 1184 (9th Cir. 2020) (No. 18-35001). Therefore, there is no reason to think the Ninth Circuit was not considering the current version Section 841 when it issued its opinion.

Although *Spinelle* was decided prior to the 2002 addition of the notwithstanding section 3583 language, courts have continued to apply and adopt *Spinelle's* logic since the addition of the notwithstanding language.  *See Scott*, 362 F. Supp. 2d at 984 n.5; *United States v. McClister*, No. 2:02-cr-87-TS, 2008 WL 153771, at *1–2 (D. Utah Jan. 14, 2008); *United States v. King*, 551 F. Supp. 2d 1298, 1300–01 (D. Utah 2008); *United States v. Macklin*, No. 4:95-cr-11-CAS, 2009 WL 2486336, at *1 (E.D. Mo. Aug. 11, 2009); *United States v. Carter*, No. 03-cr-695-AHM, Dkt. 117 at 3–4 (C.D. Cal. Jan. 26, 2015); *United States v. Carrillo*, No. 15-cr-327-MMM, Dkt. 18. at 3–4 ( C.D. Cal. Sept. 20, 2016); *United States v. Trotter*, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018); *United States v. Villa*,  No. 2:11-cr-97-GAF-1, Dkt. 129 at 5–9 (C.D. Cal. Jan. 23, 2019); *United States v. Palacios*, No. 5:11-cr-80-VAP-1, Dkt. 127 at 5-8 (C.D. Cal. Mar. 11, 2020); *United States v. Rodriguez*, No. 2:11-cr-96-DMG-1, Dkt. 40 at 2–3 (C.D. Cal. July 16, 2021).

While the Government contends other circuits have held that a mandatory term of supervised release cannot be terminated early pursuant to § 3583, the cited authority is inapt.  *See Opp*. at 12:16–13:2. In *United States v. Lafayette*, the D.C. Circuit addressed whether the district court had the authority to lower a term of supervised release under 18 U.S.C. § 3582 based on a change in the sentencing guideline, not whether the district court had the discretion to terminate supervised release early under § 3583(e).  585 F.3d 435, 440 (D.C. Cir. 2009).  In *United States v. Vargas*, the Second Circuit held that the district court ordering the defendant to six months of home confinement as a punishment for violating the terms of his supervised release did not terminate the remaining term of the defendant's mandatory term of supervised release.  564 F.3d 618, 622–23 (2d Cir. 2009).  Importantly, the Second Circuit went on to say that early termination of supervised release would require consideration of the factors set forth in § 3553 and then cited to 18 U.S.C. § 3583(e), indicating that the Second Circuit believes district courts retain the authority under § 3583(e) to terminate a mandatory term of supervised release under § 841 early.  *Id.*

Further, when the statutes are read in their entirety, it is apparent that the "notwithstanding section 3583" language is in reference to the maximum sentences of supervised release provided in § 3583(b), not to the court's discretion under subsection (e) to terminate supervised release after the sentence has been imposed. *See Scott*, 362 F. Supp. 2d. at 984; *McClister*, 2008 WL 153771, at *2. It is the supervised release sentencing maximums in § 3583(b), such as "for a Class A or Class B felony, not more than five years," that conflict with the sentencing minimums of § 841(b) such that the "notwithstanding section 3583" language was required. 18 U.S.C. § 3583(b)(1). Because § 841(b) and 3583(e) can co-exist, the courts must "regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551 (1974). As the *Scott* court astutely observed, "[t]o read § 841 in isolation of § 3583 in its entirety would eliminate the possibility of revocation or modification of supervised release just as it would eliminate the possibility of early termination," which would be an "untenable result [that] could never have been intended by Congress." *Scott*, 362 F. Supp. 2d at 984.

For the reasons stated above, the Court agrees with Defendant that Section 841(b) does not preclude the Court from terminating his supervised release sentence early under Section 3583(e). The Court now turns to consideration of the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3583(e). The relevant factors to be considered under Section 3553(a) include the nature and circumstance of the offense and the history and characteristics of the defendant, and the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

The Court concludes that early termination of Brim's supervised release is warranted. Brim appears to have rehabilitated and is participating member of society. Since his release, Brim has not violated any of the terms of his supervised release. *PO Resp.* at 1. Brim maintains a stable residence and works with gang prevention nonprofits in the Los Angeles area, as well as volunteering with other nonprofits. *Mot.* at 2; *PO*

6

*Resp.* at 1–2.  During his non-working hours, Brim is a caretaker to his mother.  *Mot.* at 2. Probation considers Brim to be a "low-moderate risk for recidivism" and a good candidate for early termination of supervision.  *PO Resp.* at 2.  At 62 years old, Brim is unlikely to recidivate, particularly given that his crimes were committed over 30 years ago.  Brim would like to be able to work as truck driver, but his supervision is impeding him from accepting better and higher paying routes which require him to move more freely out of the area.  *Mot.* at 3; *FPD Supp.* at 8:1–19.  "Congress intended supervised release to assist individuals in their transition to community life."  *United States v. Johnson*, 529 U.S. 53, 59 (2000).  Where, as here, the defendant has been successfully reintegrating into the community and supervision is hindering further progress, early termination of supervised release is warranted.

**IV. CONCLUSION**

Defendant's request for early termination of supervised release is GRANTED.

**IT IS SO ORDERED.**

Dated: November 13, 2024

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE